ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RESOURCE CAPITAL CORP. SHAREHOLDER DERIVATIVE LITIGATION DEMAND FUTILE ACTIONS | Case No. 17 Civ. 00253 (LLS) |
| IN RE RESOURCE CAPITAL CORP. SHAREHOLDER DERIVATIVE LITIGATION DEMAND REFUSED ACTIONS | Case No. 17 Civ. 1381 (LLS) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE, AND SETTING SETTLEMENT HEARING

WHEREAS, the parties to the above-referenced consolidated shareholder derivative actions (the "Derivative Actions") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the settlement set forth in the Stipulation and Agreement of Settlement between the parties, dated January 27, 2019 (the "Stipulation"); (ii) approving the form and manner of the dissemination of notice of the proposed settlement to current shareholders of Resource Capital Corp. ("Resource Capital" or the "Company"[1]); and (iii) scheduling a date for a settlement hearing, pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the settlement as fair, reasonable, and adequate, including payment of attorneys' fees and expenses in the amount separately negotiated by the parties;

---

[1] Resource Capital is now known as Exantas Capital Corp. but is referred to herein as Resource Capital or the Company for consistency with prior proceedings.

WHEREAS, the Court, having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation and exhibits thereto, including the proposed notice; (ii) heard and considered arguments by counsel in favor of preliminary approval of the Settlement; and

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Resource Capital and appears to be the product of serious, informed, non-collusive negotiations, and, therefore, there are substantial and sufficient grounds for entering this Preliminary Approval Order:

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. This Preliminary Approval Order incorporates by reference the definitions in the Stipulation, and, unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation.

2. The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at a hearing to be held before this Court on **Friday, May 17, 2019 at 3:00 p.m.**, in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21C, New York, New York 10007-1312. At the Settlement Hearing, the Court shall: (a) determine whether the proposed Settlement of the Derivative Actions, on the terms and conditions set forth in the Stipulation, should receive final approval by the Court as fair, reasonable, and adequate, and in the best interests of Resource Capital and its stockholders; (b) hear and rule on any objections to the proposed Settlement; (c) determine whether to approve the Fee and Expense Award and any Service Awards to Plaintiffs; and (d)

determine whether to enter the proposed Final Order and Judgment, substantially in the form attached as Exhibit 4 to the Stipulation. At the Settlement Hearing, the Court may also hear and consider such other matters as the Court may deem necessary and appropriate.

3. The Court reserves the right to continue or reschedule the Settlement Hearing without further notice to Current Resource Capital Shareholders. The Court further reserves the right to consider any modifications of the Settlement agreed to by the Settling Parties without providing further written notice to Current Resource Capital Shareholders.

4. The Court approves the form, content, and requirements of the Notice of Proposed Settlement and the Summary Notice and finds that the filing, posting, and publication of these notices, substantially in the manner and form set forth in this Preliminary Approval Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. Within ten (10) business days after the entry of this Preliminary Approval Order, by April 5, 2019, Resource Capital shall provide notice of the Settlement by filing with the SEC a Form 8-K, which shall include as attachments the Stipulation and the Notice of Proposed Settlement. The Form 8-K and its attachments shall be accessible through the Company's website until the Final Order and Judgment becomes Final or the Settlement has been rejected by the Court or otherwise terminated. In addition, within ten (10) business days after the entry of this Preliminary Approval Order, by April 5, 2019, Resource Capital shall cause the Summary Notice to be published one time in *Investor's Business Daily*. Not less than ten (10) business days before the Settlement Hearing, by May 7, 2019, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the filing of the Form 8-K and its attachments and the publication of the Summary Notice.

6. Within ten (10) business days after the entry of this Preliminary Approval Order, by April 5, 2019, Plaintiffs' Counsel shall cause the Notice of Proposed Settlement to be posted on the websites of Robbins Arroyo LLP, http://www.robbinsarroyo.com, and Promisloff Law, P.C., http://www.prolawpa.com. Prior to the Settlement Hearing, Plaintiffs' Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting of the Notice of Proposed Settlement.

7. All papers in support of the Settlement and any Fee and Expense Award, including any Service Awards to Plaintiffs, shall be filed with the Court and served no later than April 19, 2019, twenty-eight (28) calendar days before the Settlement Hearing. Any reply papers shall be filed with the Court by May 10, 2019, at least seven (7) calendar days before the date of the Settlement Hearing.

8. Any Current Resource Capital Shareholder may object and show cause why: (i) the Settlement as set forth in the Stipulation should not be approved; (ii) a Fee and Expense Award, including any Service Awards, should not be granted in the amount sought; or (iii) the proposed Final Order and Judgment should not be entered; provided, however, that no Current Resource Capital Shareholder shall be entitled to object to or otherwise contest any of the matters to be considered at the Settlement Hearing, unless such Current Resource Capital Shareholder has, by April 26, 2019, at least twenty-one (21) calendar days prior to the date of the Settlement Hearing, filed with the Clerk of the United States District Court of the Southern District of New York (the "Clerk") a written objection to the Settlement setting forth: (a) the objector's name, address, and telephone number; (b) the number of shares of Resource Capital stock the objector currently owns as well as an account statement evidencing such ownership; (c) a detailed statement of the objector's specific objections; (d) any and all documentation or evidence in support of the objector's objection; and (e) the identities of any cases-by name,

court, and docket number-in which the objector or his or her attorney has objected to a settlement in the last three (3) years. If a Current Resource Capital Shareholder intends to appear and/or requests to be heard at the Settlement Hearing, such shareholder must also file with the Clerk by April 26, 2019, at least twenty-one (21) calendar days prior to the date of the Settlement Hearing: (f) a written notice of the objector's intention to appear at the Settlement Hearing; (g) the name(s) of any attorney(s) that will appear on behalf of the objector; (h) the identities of any witnesses the objector intends to call at the Settlement Hearing; (i) a summary of the substance of any testimony to be provided by any such witnesses; and (j) any and all other evidence that the objector intends to present at the Settlement Hearing. If a Current Resource Capital Shareholder files a written objection and/or written notice of intent to appear, such shareholder must serve copies of all papers filed with the Clerk, by hand delivery or first-class mail, post-marked no later than April 26, 2019, twenty-one (21) calendar days before the Settlement Hearing, on each of the following:

Lead Plaintiffs' Counsel
ROBBINS ARROYO LLP
Shane P. Sanders
600 B Street, Suite 1900
San Diego, CA 92101
-and-
PROMISLOFF LAW, P.C.
David M. Promisloff
5 Great Valley Parkway, Suite 210
Malvern, PA 19355

Counsel for the Individual Defendants
COVINGTON & BURLING LLP
Mark P. Gimbel
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

Counsel for the Corporate Defendants
PROSKAUER ROSE LLP
David A. Picon
11 Times Square
New York, NY 10036

Counsel for Resource Capital
SCHLAM STONE & DOLAN LLP
Bradley J. Nash
26 Broadway
New York, NY 10004

9. Any Current Resource Capital Shareholder who does not timely file and serve an objection in the manner provided in paragraph 8 of this Preliminary Approval Order shall be

deemed to have waived any objection such Person might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of the Derivative Actions, the Stipulation or any provision thereof, the Final Order and Judgment, any Fee and Expense Award, any Service Award, and/or any other proceedings herein, and shall have no right to appeal therefrom.

10. Any replies to any objections to the Settlement shall be filed and served no later than May 10, 2019, seven (7) calendar days before the Settlement Hearing.

11. All Current Resource Capital Shareholders shall be bound by all orders, determinations, and judgments in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to Resource Capital's shareholders.

12. Unless and until the Stipulation is terminated in accordance with its terms, neither Defendants nor Plaintiffs nor any other Person purporting to act on behalf of Resource Capital shall initiate, institute, or commence any Claim that would be released by the Settlement.

13. In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Stipulation shall be null and void, and the Stipulation and all negotiations, proceedings documents prepared, and statements made in connection therewith, including in connection with the MOU and all exhibits thereto, shall be inadmissible for any purpose in any proceeding, including, without limitation, pursuant to Federal Rule of Evidence 408 and state law equivalents. If the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Settling Parties will be restored to their respective positions immediately preceding the date of the MOU, including, without limitation, with respect to all rights, obligations, and other legal status created by the judgments of the Court dismissing the Derivative Actions.

14. The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing, or merit, or lack of merit, as to any facts, Claims, or defenses alleged or asserted, in the Derivative Actions or in any other action or proceeding, either presently known or unknown, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Derivative Actions or in any other action or proceeding, whether civil, criminal, or administrative, and whether presently known or unknown, except in connection with any proceeding to enforce the terms of the Settlement.

15. The Court retains exclusive jurisdiction over the Derivative Actions to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: March 22, 2019

*Louis L. Stanton*
HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE