ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RESOURCE CAPITAL CORP. SHAREHOLDER DERIVATIVE LITIGATION DEMAND FUTILE ACTIONS | Case No. 17 Civ. 00253 (LLS) |
| IN RE RESOURCE CAPITAL CORP. SHAREHOLDER DERIVATIVE LITIGATION DEMAND REFUSED ACTIONS | Case No. 17 Civ. 1381 (LLS) |

## [~~PROPOSED~~] JUDGMENT

A final Settlement Hearing was held before this Court on May 17, 2019, pursuant to this Court's Preliminary Approval Order of March 22, 2019, to determine: (i) whether to grant final approval to the Settlement set forth in the Settling Parties' Stipulation, dated January 27, 2019, which Stipulation is incorporated herein by reference; and (ii) whether to approve the Fee and Expense Award and any Service Awards to Plaintiffs. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all Persons having any objection to the proposed Settlement, the Fee and Expense Award, and/or the Service Awards having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at the hearing; and good cause appearing therefor:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation or the Preliminary Approval Order, as applicable.

2. The Court has jurisdiction over the subject matter of the Derivative Actions and the Settling Parties.

3. The Court hereby finds that notice of the Settlement was (i) provided pursuant to and in the form and manner directed by the Preliminary Approval Order; (ii) meets the requirements of Federal Rule of Civil Procedure 23.1 and due process; and (iii) constitutes due and sufficient notice to all interested Persons of all matters relating to the Settlement.

4. Pursuant to and in compliance with Federal Rule of Civil Procedure 23.1 and due process, the Court hereby finds that the notice provided advised interested Persons of the terms of the Settlement, of Plaintiffs' Counsel's intent to seek a Fee and Expense Award, and of Plaintiffs' intent to seek Service Awards. The Court further finds that the notice provided advised interested Persons of their right to object to the foregoing matters, and a full and fair opportunity was accorded to all interested Persons to be heard with respect to these issues.

5. The Court hereby grants final approval to the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Resource Capital and its shareholders. The Court further finds that the Settlement set forth in the Stipulation was negotiated at arm's-length and in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel. The Court has considered all submitted objections to the Settlement and hereby overrules them.

6. The Parties are directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. The Derivative Actions and all Claims contained therein are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Final Order and Judgment.

7. The Court finds that during the course of the Derivative Actions, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar rules of professional conduct. No claims of any violation of Federal Rule of Civil Procedure 11 or any other similar rule relating to the prosecution, defense, or settlement of the Derivative Actions may be brought by any Settling Party.

8. Upon the Effective Date, Defendants, their respective Related Parties, and each Person which has the contractual or other right to assert a claim for indemnity or contribution against any of the foregoing, shall be released and discharged, finally and forever, from any and all Claims, with the exception of Excluded Claims (as defined below), which have been or could have been asserted by any of the Plaintiffs, or by any stockholder derivatively on behalf of the Company, or by the Company directly, arising out of or relating to:

    a. the facts, matters, transactions, acts, omissions, or circumstances alleged, or that could have been alleged, in any of the complaints filed in the Derivative Actions;

    b. the Company's investments involving assets in Puerto Rico, including (without limitation) the Mezzanine Loan referenced in the Derivative Actions;

    c. the approval of (a) the Management Agreement or (b) any of the terms of the Management Agreement;

    d. the amount of any cash or equity compensation paid to any director, officer, employee, or agent of the Company, the Manager, or any of their affiliates, including without limitation any personnel employed by, or any officer or director of, Resource America or any of its affiliates;

    e. the adequacy of the Board's oversight of the Company's activities, officers, employees, and agents, including without limitation any personnel employed by, or any officer or director of, the Manager, Resource America, or any of their affiliates;

    f. any allegedly false or misleading statement or omission made in any public statement, including without limitation the Company's proxy statements and other public securities filings, and other disclosures concerning any of the foregoing matters; or

    g. the defense or settlement of the Derivative Actions.

3

9. Upon the Effective Date, Plaintiffs and their Related Parties shall be released from all Claims arising out of or relating to the commencement, maintenance, prosecution, or settlement of the Derivative Actions with the exception of Excluded Claims.

10. The Settling Parties will not, in the future, commence or prosecute any lawsuit or other proceeding based on any Claim released by the Stipulation. The Settling Parties further agree that they will not assist any other Person, directly or indirectly, in commencing or prosecuting any such lawsuit or other proceeding.

11. The releases granted pursuant to the Settlement shall include any released Claims that Plaintiffs or Defendants do not know of or suspect to exist at the time of the release of such Claims, including without limitation those that, if known, might have affected the decision to enter into the Settlement. With respect to any and all released Claims, the Settling Parties agree that upon the Effective Date, the Settling Parties expressly waive, and Current Resource Capital Shareholders shall be deemed to have waived, the provisions, rights, and benefits conferred by or under California Civil Code Section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the released Claims. Nevertheless, the Settling Parties acknowledge that it is their intention to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or

heretofore existed, or may exist hereafter, without regard to the subsequent discovery of additional or different facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of the Stipulation and was relied upon by each and all of the Parties entering into the Settlement.

12. Notwithstanding anything to the contrary herein, the releases granted herein will not release or extinguish: (i) the Management Agreement or any other existing contract between or among the Defendants and any of their Related Parties; (ii) any contract of insurance benefiting any of the Defendants or any of their Related Parties; (iii) any Claim to enforce any of the foregoing agreements, with the exception of any Claim arising out of, or related to, any amount paid or to be paid, benefits received or to be received, or services rendered or not rendered, under the Management Agreement prior to the date of the Stipulation, all of which are expressly released; or (iv) any Claim to enforce the Stipulation (collectively, "Excluded Claims").

13. The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing, or merit, or lack of merit, as to any facts, Claims, or defenses alleged or asserted, in the Derivative Actions or in any other action or proceeding, either presently known or unknown, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Derivative Actions or in any other action or proceeding, whether civil, criminal, or administrative, and whether presently known or unknown, except in connection with any proceeding to enforce the terms of the Settlement. Plaintiffs and Defendants and their respective Related Parties may file the Stipulation and/or Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court hereby approves a Fee and Expense Award in the amount of $ 550,000.00. The Court also approves a Service Award to each of the Plaintiffs in the amount of $ 3,000.00, to be paid out of the Fee and Expense Award.      LLS   LLS

15. The Fee and Expense Award shall be paid as directed by Plaintiffs' Counsel within thirty (30) days of the entry of this Final Order and Judgment and the occurrence of the conditions set forth in Paragraph 18 of the Stipulation. Payment of the Fee and Expense Award shall not be conditioned on the existence or absence of any collateral attacks on the Settlement, including without limitation, any objections or appeals. Defendants shall have no obligations with respect to the Fee and Expense Award or the Service Awards, with the exception of the obligation to take reasonable steps to cause the Fee and Expense Award to be paid by their insurers in accordance with the Stipulation.

16. Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain jurisdiction with respect to the implementation, enforcement, and interpretation of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of this Court for purposes of implementing, enforcing, and interpreting the Stipulation.

17. Pending the occurrence of the Effective Date, no Person may institute, commence, or prosecute any action which asserts released Claims against any of the Plaintiffs or Defendants, their respective Related Parties, or any Person which has the contractual or other right to assert a claim for indemnity or contribution against any of the foregoing.

18. In the event the Settlement is terminated or the Effective Date cannot occur for any reason, then the Stipulation shall be null and void, and the Stipulation and all negotiations, proceedings, documents prepared, and statements made in connection herewith,

including in connection with the MOU and all exhibits thereto, shall be inadmissible for any purpose in any proceeding, including, without limitation, pursuant to Federal Rule of Evidence 408 and state law equivalents. If the Settlement is terminated or the Effective Date cannot occur for any reason, the Settling Parties will be restored to their respective positions immediately preceding the date of the execution of the MOU, including, without limitation, with respect to all rights, obligations, and other legal status created by the judgments of the Court dismissing the Derivative Actions.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. Judgment shall be, and hereby is, entered dismissing the Derivative Actions with prejudice and on the merits. The Court finds that this Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: May 17, 2019

Louis L. Stanton
HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE